UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANTHONY SEXTON,<br><br>                  Petitioner,<br><br>   v.<br><br>DERRAL G. ADAMS, Warden,<br><br>                  Respondent. | Civil No.   09cv1069-W (POR)<br><br>**REPORT AND RECOMMENDATION THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED AND PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED**<br><br>**[Document No. 10]** |

### I.   INTRODUCTION

Petitioner Steven Anthony Sexton, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging the conviction and sentence imposed by San Diego County Superior Court in case number SCE220004. [Doc. 1.] Respondent moves to dismiss the Petition asserting it is time barred pursuant to 28 U.S.C. § 2244(d). [Doc. 10.] Petitioner did not file an opposition. After a thorough review of the pleadings and all supporting documents, the Court finds the Petition is statutorily barred by the expiration of the limitations period. Accordingly, the Court recommends Respondent's Motion to Dismiss be GRANTED and the Petition for Writ of Habeas Corpus be DISMISSED.

## II. BACKGROUND

On May 23, 2002, a bifurcated jury found petitioner guilty of two counts of robbery and use of a handgun to commit the robbery. On June 20, 2002, the San Diego County Superior Court sentenced petitioner to a term of seventy years to life.

Petitioner directly appealed his convictions to the California Courts of Appeal and California Supreme Court on the grounds that the trial court denied his request for a jury that accurately reflected a cross-section of the community and the trial court either abused its discretion or was unaware of its discretion to strike petitioner's prior convictions. Those courts denied petitioner's appeal on November 25, 2003 [Lodgment 4] and February 4, 2004 [Lodgment 5], respectively.

Petitioner subsequently filed a petition for writ of habeas corpus in the San Diego County Superior Court on August 13, 2004 and claimed he received ineffective assistance of counsel. [Lodgment 7.] Petitioner asserted his trial counsel did not move to suppress his identification, adequately raise the issue of the jury not being representative of the community or object to CALJIC No. 17.41.1 which violated jury secrecy. The Court denied the petition on September 20, 2004. [Lodgment 8.]

On October 3, 2005, petitioner filed another habeas petition with the same court that also alleged ineffective assistance of counsel. [Lodgment 9.] However, in this instance petitioner claimed his trial counsel did not object to a witness' identification of him at trial. The Court found that petitioner had substantially delayed in filing this petition and denied it on November 28, 2005. [Lodgment 10.]

On January 25, 2006 petitioner filed a third habeas petition with the San Diego County Superior Court that claimed ineffective assistance of counsel. [Lodgment 11.] In this petition, petitioner claimed trial counsel was ineffective for failing to subpoena particular witnesses and not objecting to witnesses that gave false testimony and hearsay statements. The Court determined this was a successive petition that had already been brought in that Court and denied the petition on February 16, 2006. [Lodgment 12.]

A fourth habeas petition claiming ineffective assistance of counsel was filed by petitioner in the San Diego County Superior Court on February 13, 2007. [Lodgment 13.] Petitioner stated his trial

1  counsel did not object to hearsay testimony and the trial judge imposed an unconstitutional sentence
2  under the Supreme Court's then- recent ruling in Cunningham v. California.  On April 6, 2007, the
3  Court denied petitioner's Cunningham claim and found the other claim had already been raised in
4  petitioner's prior petitions.  [Lodgment 14.]

5  Petitioner also filed a federal habeas petition in this Court based on the same grounds alleged
6  in his fourth state court habeas petition, as well as an additional ground claiming an unconstitutional
7  line-up, on February 16, 2007. [Lodgment 15.]  The Court dismissed this petition for failure to plead
8  exhaustion and failure to pay the filing fee. [Lodgment 18.]  Petitioner then filed a First Amended
9  Petition with this Court on March 20, 2007 [Lodgment 17] that was subsequently dismissed for failure
10 to provide adequate information about his financial status.  [Lodgment 16.]  Petitioner filed a Second
11 Amended petition in this Court on May 8, 2007 alleging ineffective assistance of counsel and
12 prosecutorial misconduct.  [Lodgment 19.] Respondent filed a Motion to Dismiss the Second Amended
13 Petition on August 6, 2007.  [Lodgment 21.]

14 On October 29, 2007, petitioner filed a fifth habeas petition in the San Diego County Superior
15 court that also alleged ineffective assistance of counsel. [Lodgment 22.]  The Court found this claim had
16 already been raised in petitioner's prior petitions and denied that petition on October 30, 2007.
17 [Lodgment 23.]  Petitioner then filed a motion to withdraw the Second Amended Petition pending in
18 federal court on December 12, 2007. [Lodgment 24.]  The Court granted that motion on January 3, 2008.
19 [Lodgment 25.]

20 On April 23, 2008 petitioner filed a petition in the California Supreme Court. [Lodgment 26.]
21 This petition alleged that petitioner was not given an opportunity to confront his witnesses, the jury did
22 not fairly represent the community, and ineffective assistance of counsel.  The California Supreme Court
23 denied the petition on September 17, 2008. [Lodgment 27.]   Petitioner subsequently filed another
24 habeas petition with the California Supreme Court on May 4, 2009 claiming ineffective assistance of
25 counsel.  [Lodgment 28.]

26 While that petition was pending in the California Supreme Court, petitioner filed the instant
27 petition on May 14, 2009 claiming ineffective assistance of counsel and trial court error based on the
28

court's denial of plaintiff's request to have a jury panel that accurately reflected the makeup of the community. [Doc. 1.]

Respondent filed a motion to dismiss the instant petition on September 21, 2009 on the grounds that the petition is statutorily time barred under 28 U.S.C. §2244(d) and petitioner has a habeas petition currently pending in state court. [Doc. 10.] Petitioner did not file an opposition.

### III.   DISCUSSION

**Statute of Limitations**

Respondent argues the Petition is barred by the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations. (MTD.) As a result, Respondent contends the Petition should be dismissed as untimely. (Id.)

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all federal habeas petitions filed after April 24, 1996. See Lindh v. Murphy, 521 U.S. 320 (1997).

The AEDPA provides for a one-year limitations period for state prisoners to file a federal habeas petition. The section states, in pertinent part:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

The AEDPA's one-year statute of limitations begins to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). The period of "direct review," pursuant to § 2244(d)(1)(A), includes the ninety (90) day period within which Petitioner could have filed a petition for a writ of certiorari from the United States Supreme Court. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Therefore, where the petitioner seeks direct review but does not file a petition for writ of certiorari to the United States Supreme Court, the one-year filing period begins to run ninety (90) days following the decision by the California Supreme Court. Id.

Here, Petitioner did not file a petition for writ of certioari. Thus, the one-year filing period for federal habeas petitions expired on May 5, 2005, one year and ninety days following the California Supreme Court's denial of his appeal. Petitioner filed the Petition on May 14, 2009, more than four years after AEDPA's one-year statute of limitations expired. Therefore, the Petition is untimely unless AEDPA's statutory tolling provision or the doctrine of equitable tolling extend the filing deadline. See Tilleman v. Long, 453 F.3d 494, 498 (9th Cir. 2001).

### 1.  Statutory Tolling

AEDPA's statutory tolling provision provides:

> The time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. 2244(d)(2)(emphasis added).

AEDPA's one-year limitations period is tolled during the period of time a petitioner seeks post-conviction relief in state court. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). The statute of limitations is not tolled "from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Id. Tolling begins "from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge" as long as the petitions are properly filed. Evans v. Chavis, 546 U.S. 189 (2006); Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005). An untimely petition

is not "properly filed" and thus does not toll AEDPA's statute of limitations. Townsend v. Knowles, 562 F.3d 1200, 1205 (9th Cir. 2009).

In California there is no determinate time-frame for filing or appealing a habeas petition. See Evans v. Chavis, 546 U.S. 189 (2006). A filing is timely if done within a "reasonable" time. Id. Moreover, a petitioner need not restrict his filing in a higher court to an appeal of the lower court's decision. Under California law, the superior court, courts of appeal, and state supreme court each have original jurisdiction to review a petition for writ of habeas corpus. Cal. Const. Art. VI § 10. Thus, a petitioner can file an original petition in both the Courts of Appeal and California Supreme Court without first seeking review in a lower court. "[A]s long as [a] prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." Evans, 546 U.S at 193 (2006). If, however, the petitioner "unreasonably" delays in seeking review from the California Supreme Court the period between the lower court denial and filing in the California Supreme Court is not tolled. Carey, 536 U.S. at 225.

Here, Petitioner filed his first state habeas petition in San Diego County Superior Court on August 13, 2004. (Lodgment 7.) The AEDPA's one year statute of limitations is not tolled during the ninety nine (99) day period between the end of petitioner's direct appeals on May 5, 2004 and petitioner's first state collateral challenge on August 13, 2004. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Thus, petitioner had 266 days left to file his federal habeas petition once he finished the state collateral review process. The San Diego County Superior Court denied Petitioner's first habeas petition on September 20, 2004. [Lodgment 8.] Over one year later, on October 3, 2005, petitioner filed a second habeas petition in the San Diego County Superior Court. [Lodgment 9.] That Court found the second petition was a "successive" petition because it contained claims that either were brought or could have been brought in the first petition. [Lodgment 10.] The Court also found that petitioner's filing almost three and a half years after his conviction "constitutes a substantial delay." Id. The Court then denied the petition because petitioner "failed to justify the delay." Id.

The Ninth Circuit recently reiterated that an untimely petition does not toll AEDPA's statute of limitations. White v. Martel, 2010 WL 1338129, at *1 (9th Cir. April 7, 2010) ("tolling under section

2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's timeliness standards."). Consequently, the period between the Superior Court's denial of petitioner's first petition and the filing of his untimely second petition was not tolled. See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) ("if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled"). The statute of limitations clock thus started again as soon as the Superior Court denied petitioner's first habeas petition on September 20, 2004. At that point, petitioner had 266 days left to file his federal habeas petition. Petitioner filed the instant habeas petition 1,697 days later on May 14, 2009.[1]

The Court notes that petitioner also filed additional habeas petitions in the San Diego State Superior Court on January 25, 2006, February 13, 2007, and October 29, 2007, as well as petitions in the California Supreme Court on April 23, 2008 and May 4, 2009. While the California Supreme Court found the petition filed on April 23, 2008 untimely, none of the other petitions were denied for that reason. However, the statute of limitations expired on June 13, 2005 (266 days after September 20, 2004). Petitioner did not file his third habeas petition until January 25, 2006. Once the statute of limitations expired, it could not be restarted by filing additional state court petitions. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Thus, the instant habeas petition is untimely unless petitioner is entitled to equitable tolling for the period between June 13, 2005 and May 14, 2009.

**2.    Equitable Tolling**

"AEDPA's statute of limitations provision is subject to equitable tolling." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002). However, the Court's determination "whether there are grounds for equitable tolling [is] highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000). To be entitled to equitable tolling, a petitioner must demonstrate some extraordinary circumstance stood in his way of his timely filing, and he has been pursuing his rights diligently. Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006). Furthermore, equitable tolling will be allowed only if Petitioner demonstrates "extraordinary circumstances" beyond his control were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. Spitsyn v.

---

[1] As a result, Petitioner's previous habeas filings in this Court on February 16, 2007, March 20, 2007, and May 8, 2007 were also untimely.

1 Moore, 345 F.3d 796, 799 (9th Cir. 2003); Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003).

3     Petitioner has not filed any document requesting equitable tolling or otherwise demonstrating 4 he would be entitled to equitable tolling. Accordingly, the Court finds equitable tolling is not warranted 5 in this case.

### IV.   CONCLUSION

9     Based on the foregoing analysis[2], the Court RECOMMENDS the respondent's Motion to 10 Dismiss be GRANTED and the instant petition be DISMISSED. The Court further recommends 11 petitioner be ordered to attach a statement demonstrating he is entitled to equitable tolling to any 12 subsequent habeas filings in this Court. This Report and Recommendation of the undersigned 13 Magistrate Judge is submitted to the United States District Judge assigned to this case, the Honorable 14 Thomas J. Whelan, pursuant to the provisions of 28 U.S.C § 636 (b)(1) (2007) and Local Rule 72.1 (d).

15     **IT IS HEREBY ORDERED** that no later than **May 9, 2010**, any party may file and serve 16 written objections with the Court and serve a copy on all parties. The document should be captioned 17 "Objections to Report and Recommendation."

18     IT IS FURTHER ORDERED that any reply to the objection shall be filed and served no later 19 than **seven days** after being served with the objections. The parties are advised that failure to file 20 objections within the specified time may waive the right to raise those objections on appeal of the 21 Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

22     IT IS SO ORDERED.

24 DATED: April 9, 2010

                                                                     _/s/ Louisa Porter_
                                                                      LOUISA S PORTER
                                                                      United States Magistrate Judge

26 cc: The Honorable Thomas J. Whelan
      All parties

---

[2] Respondents also contend this petition should be dismissed under the abstention doctrine because petitioner also has a habeas petition pending in the California Supreme Court. The California Supreme Court denied the aforesaid petition on September 23, 2009. As there is no longer a petition pending in the California Supreme Court, this argument is moot.