UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANTHONY SEXTON,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>DERRAL G. ADAMS, Warden<br><br>　　　　　Respondent. | CASE NO. 09-CV-1069 W (CAB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION [DOC. 13], (2) GRANTING MOTION TO DISMISS [DOC. 10], AND (3) DISMISSING PETITION** |

　　　Steven Anthony Sexton ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). On September 21, 2009, Respondent Derral G. Adams filed a Motion to Dismiss. On April 9, 2010, United States Magistrate Judge Louisa S. Porter issued a Report and Recommendation ("Report"), recommending that this Court grant the motion. On June 15, 2010, Petitioner filed an Objection to the Report, and on July 14, 2010, Petitioner filed a motion requesting a copy of his Objection.

　　　The Court decides the matters on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). As an initial matter, the Court will **GRANT** Petitioner's request for a copy of his Objection. (Doc. 17.) Additionally, for the reasons outlined below, the Court **ADOPTS** the Report (Doc. 13), **GRANTS** the motion to

dismiss (Doc. 10), **DISMISSES** the Petition **WITH PREJUDICE**, and **DENIES** a certificate of appealability.

## I.  BACKGROUND

Petitioner did not object to the following factual summary taken from the Report.

On May 23, 2002, a San Diego Superior Court jury found Petitioner guilty of two counts of robbery and use of a handgun to commit a robbery. (*Report* at 2.) Petitioner was later sentenced to seventy years to life. (*Id.*) Petitioner appealed his convictions. (*Id.*) On February 4, 2004, the California Supreme Court denied the appeal. (*Id.*)

On August 13, 2004, Petitioner filed a petition for writ of habeas corpus in the San Diego Superior Court. (*Report* at 2.) The court denied the petition on September 20, 2004. (*Id.*) Approximately one year later, on October 3, 2005, Petitioner filed a second habeas petition with the same court. (*Id.*) The court found Petitioner substantially delayed in filing the petition and denied it on November 28, 2005.[1] (*Id.*)

On February 16, 2007, Petitioner filed a federal habeas petition. After filing several amended petitions, on December 12, 2007, Petitioner filed a motion to withdraw the petition, which was granted. (*Report* at 3.) Then on April 23, 2008, Petitioner filed a habeas petition with the California Supreme Court, which was denied on September 17, 2008. (*Id.*)

On May 14, 2009, Petitioner commenced the instant Petition. (*Report* at 3.) On September 21, 2009, Respondent filed a motion to dismiss the Petition on the ground that it is time barred. (*Id.* at 4.) Petitioner did not file an opposition. (*Id.*)

On April 9, 2010, Judge Porter issued the Report recommending that the Court grant the motion. The Report found that the Petition is time barred by the one-year statute of limitation provided by the Antiterrorism and Effective Death Penalty Act, 28

---

[1] Petitioner continued to file state habeas petitions in the San Diego Superior Court. Specifically, Petitioner filed petitions on January 25, 2006; February 13, 2007; and October 29, 2007. (*Report* at 2-3.) Each petition was denied. (*Id.*)

U.S.C. 2254 ("AEDPA"), and does not qualify for sufficient statutory-tolling to render it timely. (*Id.* at 7-8.) On June 15, 2010, Petitioner filed an Objection to the Report. (Doc. 15.)

## II.   LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980).

## III.   DISCUSSION

In the motion to dismiss, Respondent argued that the Petition should be dismissed because it is untimely. Respondent acknowledged that Petitioner qualifies for some statutory tolling, but not enough to render the Petition timely. The Report agreed with Respondent.

Petitioner filed an Objection, but failed to identify any deficiencies with the Report's analysis. Having read and considered the Petition, Report, and Objection, the Court finds the Report presents a well-reasoned analysis of the issues. The Court, therefore, concludes that the Petition is time barred.

### A.   **Petitioner's Claim is Time Barred.**

The Petition is governed by the provisions of AEDPA. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA imposes a one-year statute of limitations for a state prisoner filing a federal-habeas petition. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run on "the date on which judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A).  The period of "direct review" under § 2244(d)(1)(A), includes the 90-day period within which the petitioner could have filed a petition for a writ of certiorari to the United States Supreme Court. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Therefore, where the petitioner seeks direct review, but does not file a petition for writ of certiorari, the one-year period begins to run 90 days after the California Supreme Court's decision. Id.

In the instant case, the California Supreme Court denied Petitioner's direct appeal on February 4, 2004. (*Report* at 2.)  Because Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, the judgement became final 90 days later, on May 5, 2004. (*Id.*, at 5.)  Therefore, Petitioner's deadline for filing the instant Petition was May 5, 2005. (*Id.*)

Petitioner did not file the Petition until May 14, 2010, more than four years after AEDPA's one-year statute of limitations expired. (*Report* at 5.)  As such, the Report correctly found the Petition is time barred, unless statutory tolling applies. (*Id.*)

### B. **Although Petitioner is Entitled to Some Statutory Tolling, the Petition Remains Time Barred.**

The AEDPA statutory-tolling provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

22 U.S.C. § 2244(d)(2).  Thus, AEDPA's one-year limitations period is tolled while a petitioner seeks post conviction relief in state court. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

The statute of limitations is not tolled between the final decision on direct appeal and the first habeas challenge, because no case is pending during that interval. Nino,

183 F.3d at 1006. Instead, tolling begins after the first state habeas petition is filed with the trial court and–as long as the subsequent petitions with the appellate court are properly filed–continues until the California Supreme Court denies the petition. Evans v.Chavis, 546 U.S. 189, 191 (2006).

An untimely petition is not "properly filed" and thus does not toll the statute of limitations. Townsend v. Knowles, 562 F.3d 1200, 1205 (9th Cir. 2009). In California, because there is no definitive time frame for filing a habeas petition, a filing is timely if done within a "reasonable" time. Evans, 546 U.S. at 192. However, the United States Supreme Court found a six-month, "unjustified" and "unexplained" delay to be unreasonable. Id. at 201.

As explained above, Petitioner's direct appeal became final on May 5, 2004, ninety days after the California Supreme Court dismissed the appeal. At that point, the limitations period began to run, and did not stop until August 13, 2004, when Petitioner filed his first state habeas petition. Accordingly, the Report correctly found that after the completion of his state collateral review, Petitioner had 266 days remaining to file the instant Petition. (*Report* at 6.)

On September 20, 2004, the San Diego Superior Court denied Petitioner's first habeas petition. (*Report* at 6.)  Petitioner, however, then waited for more than a year–until October 3, 2005–to file a second habeas petition in the same court.  (*Id.*) Under Evans, because Petitioner failed to justify the substantial delay in filing the second petition, the statute of limitations was not tolled during this period, rendering the instant Petition time barred. Accordingly, the Report correctly found that, despite statutory-tolling, the instant Petition remains untimely.

### IV.   CONCLUSION AND ORDER

In light of the foregoing, the Court **ADOPTS** the Report (Doc. 13), **GRANTS** Respondent's motion (Doc. 10), and **DISMISSES** the Petition **WITH PREJUDICE**.

1     Moreover, because reasonable jurists would not find the Court's assessment of the
2  claims debatable or wrong, the Court **DENIES** a certificate of appealability. See <u>Slack
3  v. McDaniel</u>, 529 U.S. 473, 484 (2000).
4     Finally, the Court will **GRANT** Petitioner's motion (Doc. 17) for a copy of his
5  Objection. Accordingly, the clerk of the court is instructed to mail Petitioner a copy of
6  his Objection (Doc. 15).

8     **IT IS SO ORDERED.**

10 DATED: July 19, 2010

12                                              _____
                                                Hon. Thomas J. Whelan
13                                              United States District Judge